UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | SECOND SUPERSEDING |
| | ) | INDICTMENT NO. 4:21-CR-199 |
| v. | ) | |
| | ) | 18 U.S.C. § 1343 |
| BRANDON LAMAR WILLIAMS | ) | Wire Fraud |
| a/k/a "NH SKILO" | ) | |
| | ) | 21 U.S.C. § 844 |
| | ) | Possession of a Controlled |
| | ) | Substance |
| | ) | |
| | ) | 18 U.S.C. § 922(g)(1) |
| | ) | Possession of a Firearm by a |
| | ) | Convicted Felon |
| | ) | |
| | ) | 18 U.S.C. § 922(g)(3) |
| | ) | Possession of a Firearm by an |
| | ) | Unlawful User of a Controlled |
| | ) | Substance |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | Possession with Intent to |
| | ) | Distribute a Controlled |
| | ) | Substance |
| | ) | |
| | ) | 18 U.S.C. § 924(c) |
| | ) | Possession of a Firearm in |
| | ) | Furtherance of a Drug |
| | ) | Trafficking Crime |

FILED
U.S. DISTRICT COURT
2022 JUN -9 P 12:37
CAsbell
SO. DIST. OF GA.

THE GRAND JURY CHARGES THAT:

Introduction

At all times material to this Indictment:

    1.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was

a federal law enacted in or about March 2020 designed to provide emergency financial assistance to the millions who suffered economic effects caused by the COVID-19 pandemic.

2. Among other relief efforts, the United States sought to provide financial support to eligible businesses that could be used to offset certain business expenses.

3. At all times material to this Indictment, the Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The SBA was headquartered in Washington, DC and maintained its computer servers outside of the State of Georgia. The SBA's mission was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

4. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees. In addition, the SBA provided loans that came directly from the U.S. Government.

5. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

6. To obtain a PPP loan, a qualifying business had to submit a PPP loan

application signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were then used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, a business applying for a PPP loan had to provide documentation showing its payroll expenses.

7. A PPP loan application must be processed by a participating lender, such as a financial institution. If a PPP loan is approved, the participating lender funds the PPP loan using its own monies, which are 100% guaranteed by the SBA. Data from the application, including the information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

8. The PPP loan proceeds must be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal of the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expense items within a designated period of time and uses a certain percentage of the PPP loan proceeds on payroll expenses.

9. Fountainhead SBF LLC ("Fountainhead") was a non-bank finance company headquartered in Florida and was an SBA approved lender authorized to

receive and process PPP applications and supporting documentation, and then make loans as part of the PPP.

10. Lendistry SBLC, LLC, a wholly owned subsidiary of B.S.D. Capital, Inc. dba "Lendistry" was a Community Development Financial Institution headquartered in California and was an SBA approved lender authorized to receive and process PPP applications and supporting documentation, and then make loans as part of the PPP.

11. Defendant **BRANDON LAMAR WILLIAMS** was a Georgia resident who resided in the Southern District of Georgia.

## COUNTS ONE & TWO
*Wire Fraud*
18 U.S.C. § 1343

12. The Grand Jury realleges and incorporates by reference paragraphs 1-11 above in their entirety as if fully set forth herein.

## The Scheme to Defraud

13. Between at least April 2021 and June 2021, in the Southern District of Georgia and elsewhere, **BRANDON LAMAR WILLIAMS**, knowingly devised, intended to devise, and participated in a scheme and artifice to obtain money and property, in connection with applications for PPP funds, by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud and with knowledge of the scheme's fraudulent nature.

## Goal of the Scheme to Defraud

14. It was the goal of the scheme to defraud that **BRANDON LAMAR**

WILLIAMS would file and cause to be filed materially false applications and requests for PPP funds, which he was not entitled to receive, totaling more than $41,000.

**Manner and Means of the Scheme to Defraud**

15. It was part of the scheme to defraud that:

a. on or about May 3, 2021, **BRANDON LAMAR WILLIAMS** submitted and caused to be submitted a fraudulent PPP loan application to Fountainhead to obtain a $20,761 PPP loan. That application falsely and fraudulently claimed that Defendant had $99,654 in total amount of gross income for tax year 2019. In support of that false and fraudulent PPP loan application, **BRANDON LAMAR WILLIAMS** submitted and caused to be submitted fraudulent IRS Form Schedule C for tax years 2019 and 2020, which falsely stated that he was the sole proprietor of a local trucking business with more than $99,000 in gross income for tax years 2019 and 2020.

b. on or about May 20, 2021, **BRANDON LAMAR WILLIAMS** submitted and caused to be submitted a fraudulent PPP loan application to Lendistry to obtain a $20,761 PPP loan. That application falsely and fraudulently claimed that Defendant had $99,654 in total amount of gross income for tax year 2019. In support of that false and fraudulent PPP loan application, **BRANDON LAMAR WILLIAMS** submitted and caused to be submitted fraudulent IRS Form Schedule C for tax years 2019 and 2020, which falsely stated that he was the sole proprietor of a local trucking business with more than $99,000 in gross income for tax years 2019 and 2020.

16. Based on the fraudulent PPP submissions of **BRANDON LAMAR WILLIAMS**, Fountainhead and Lendistry approved the PPP applications and each deposited $20,761 into Defendant's Navy Federal Credit Union account ending in #8477.

## The Charges

17. On or about the dates set forth below, in the Southern District of Georgia, and elsewhere, the defendant, **BRANDON LAMAR WILLIAMS**, for the purpose of executing and attempting to execute the scheme to defraud, transmitted and caused to be transmitted by means of wire communication in interstat commerce, the following writings, signs, signals, pictures, and sounds:

| Count | Date | Description |
|---|---|---|
| 1 | May 3, 2021 | An interstate wire signal originating from the Southern District of Georgia to Fountainhead constituting a false and fraudulent PPP loan application for $20,761. |
| 2 | May 20, 2021 | An interstate wire signal originating from the Southern District of Georgia to Lendistry constituting a false and fraudulent PPP loan application for $20,761. |

All done in violation of 18 U.S.C. § 1344.

## COUNT THREE
*Possession of a Controlled Substance*

On or about August 9, 2021, in Chatham County, within the Southern District of Georgia, the defendant,

**BRANDON LAMAR WILLIAMS,**

knowingly and intentionally possessed marihuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 844(a).

Before **BRANDON LAMAR WILLIAMS** committed the offense charged in this count, he had the following final convictions for felony drug offenses, namely, Possession of Cocaine Base in U.S. District Court, Southern District of Georgia case number 4:17-CR-262-7, in violation of 21 U.S.C. § 844(a), and Possession of a Controlled Substance in Chatham County, Georgia, Superior Court, case number 15-CR-2462-J4, in violation of O.C.G.A. § 16-13-30(a).

## COUNT FOUR
*Possession of a Firearm by a Convicted Felon*
18 U.S.C. § 922(g)(1)

On or about August 9, 2021, in Chatham County, within the Southern District of Georgia, the defendant,

**BRANDON LAMAR WILLIAMS,**

knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, to wit, a Jimenez, Model J.A. 380, .380 caliber pistol and Smith & Wesson, Model M&P Shield, 9-mm pistol, which had been transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FIVE
*Possession of a Firearm by an Unlawful User of a Controlled Substance*
18 U.S.C. § 922(g)(3)

On or about August 9, 2021, in Chatham County, within the Southern District of Georgia, the defendant,

**BRANDON LAMAR WILLIAMS,**

knowing that he was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802 did knowingly possess a firearm, to wit, a Jimenez, Model J.A. 380, .380 caliber pistol and Smith & Wesson, Model M&P Shield, 9-millimeter pistol, which had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(3).

## COUNT SIX
*Possession with Intent to Distribute a Controlled Substance*
21 U.S.C. § 841(a)(1)

On or about August 9, 2021, in Chatham County, within the Southern District of Georgia, the defendant,

**BRANDON LAMAR WILLIAMS,**

knowingly and intentionally possessed with intent to distribute a controlled substance, to wit, marihuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

Before **BRANDON LAMAR WILLIAMS** committed the offense charged in this count, he had the following final convictions for felony drug offenses, namely,

8

Possession of Cocaine Base in U.S. District Court, Southern District of Georgia case number 4:17-CR-262-7, in violation of 21 U.S.C. § 844(a), and Possession of a Controlled Substance in Chatham County, Georgia, Superior Court, case number 15-CR-2462-J4, in violation of O.C.G.A. § 16-13-30(a).

## COUNT SEVEN
*Possession of a Firearm in Furtherance of a Drug Trafficking Crime*
18 U.S.C. § 924(c)

On or about August 9, 2021, in Chatham County, within the Southern District of Georgia, the defendant,

**BRANDON LAMAR WILLIAMS,**

did knowingly possess a firearm, to wit, a pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, Possession of a Controlled Substance, in violation of Title 21, United States Code, Section 844, as charged in Count Three of this Indictment, and Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Six of this Indictment.

All in violation of Title 18, United States Code, Section 924(c).

# COUNT EIGHT
*Possession of a Controlled Substance*
21 U.S.C. § 844

On or about January 10, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**BRANDON LAMAR WILLIAMS,**

knowingly and intentionally possessed marihuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 844(a).

Before **BRANDON LAMAR WILLIAMS** committed the offense charged in this count, he had the following final convictions for felony drug offenses, namely, Possession of Cocaine Base in U.S. District Court, Southern District of Georgia case number 4:17-CR-262-7, in violation of 21 U.S.C. § 844(a), and Possession of a Controlled Substance in Chatham County, Georgia, Superior Court, case number 15-CR-2462-J4, in violation of O.C.G.A. § 16-13-30(a).

# COUNT NINE
*Possession with Intent to Distribute a Controlled Substance*
21 U.S.C. § 841(a)(1)

On or about January 10, 2022, in Chatham County, within the Southern District of Georgia, the defendant,

**BRANDON LAMAR WILLIAMS,**

knowingly and intentionally possessed with intent to distribute a controlled substance, to wit, marihuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

Before **BRANDON LAMAR WILLIAMS** committed the offense charged in this count, he had the following final convictions for felony drug offenses, namely, Possession of Cocaine Base in U.S. District Court, Southern District of Georgia case number 4:17-CR-262-7, in violation of 21 U.S.C. § 844(a), and Possession of a Controlled Substance in Chatham County, Georgia, Superior Court, case number 15-CR-2462-J4, in violation of O.C.G.A. § 16-13-30(a).

# FORFEITURE ALLEGATIONS

The allegations contained in Counts One through Nine of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of one or more of the offenses set forth in Counts Four, Five, and Seven of this Second Superseding Indictment, the defendant, **BRANDON LAMAR WILLIAMS**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the offense(s), including, but not limited to, a Jimenez, Model J.A. 380, .380 caliber pistol, bearing S/N 415880, and Smith & Wesson, Model M&P Shield, 9 millimeter pistol, bearing S/N LEL6497.

If any of the property described above, as a result of any act or commission of the defendant:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A True Bill.

_____
Foreperson

_____
David H. Estes
United States Attorney

_____
Chris Howard
Assistant United States Attorney
*Lead Counsel

_____
Patricia G. Rhodes
Assistant United States Attorney
Chief, Criminal Division